IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA BRICKLAYERS RETIREMENT TRUST FUND, and the INTERNATIONAL UNION OF BRICKLAYERS AND CRAFTWORKERS LOCAL 1 ALASKA,<br><br>Plaintiffs,<br><br>vs.<br><br>JANSSEN CONTRACTING, INC. and HARTFORD FIRE INSURANCE COMPANY, Bond No. 52BSBFY0848<br><br>Defendants. | Case No. 3:12-CV-____<br><br><br><br>**COMPLAINT** |

COME NOW plaintiffs, by and through their attorneys, JERMAIN, DUNNAGAN & OWENS, P.C., and for their cause of action against the defendants, complain and allege as follows:

I.

INTRODUCTION

1.  **Cause of Action.** This action arises under §§ 502(e)(1) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(e)(1) and 1145, hereinafter referred to as "ERISA."

II.

## THE PARTIES

2.  **Plaintiffs.**  Plaintiffs are the management and labor trustees of the Alaska Bricklayers Retirement Trust Fund, ("Trust Fund").  Plaintiff International Union of Bricklayers and Craftworkers Local 1 Alaska, ("Local 1") is a labor organization as that term is defined in 20 U.S.C. § 1002(4).

3.  **Standing.**  Plaintiff Trustees are entitled to bring this suit pursuant to § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1), in their capacity as both Trustees and fiduciaries of the above-captioned Trust Fund, as those terms are defined at § 3(21) of ERISA, 29 U.S.C. § 1002(21).  Plaintiff Local 1 is the bargaining representative for certain employees under an Agreement entered into between Local 1 and Janssen Contracting, Inc., and is entitled to bring this suit pursuant to 29 U.S.C. § 185(a).

4.  **Defendants.**  Upon information and belief, defendant Janssen Contracting, Inc. is an Alaska Corporation and did business in the State of Alaska at the time of the events set forth in this complaint.

5.  Upon information and belief, at all times relevant to this suit, Defendant Janssen Contracting, Inc. was the "employer" as that term is defined at § 3(5) of ERISA, 29 U.S.C. § 1002(5).

6.  Upon information and belief, defendant Hartford Fire Insurance Company, is a bonding company authorized to conduct business as a surety within the State of Alaska and has issued Bond No. 52BSBFY0848 in favor of Janssen Contracting, Inc.

III.

## FIRST CAUSE OF ACTION
## ERISA

7. Plaintiffs incorporate by reference each of the allegations set forth in paragraphs 1 through 6 of this Complaint.

8. Janssen Contracting, Inc. executed a compliance agreement on May 2, 1975 with the Bricklayers and Tilesetters Local Union. **Exhibit 1.** In the compliance agreement, Janssen Contracting, Inc. agreed to be responsible for all contributions to applicable Funds including the Retirement Fund.

9. Janssen Contracting, Inc. further executed an Interim Agreement with the International Union of Bricklayers and Craftworkers Local 1 Alaska in 1999 (attached hereto as **Exhibit 2**) which set forth an hourly increase to the Retirement Trust Fund.

10. The Agreements and § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g) require Defendant Janssen Contracting, Inc. to pay: all costs incurred in conducting an audit of defendant's payroll records, if any; employee contributions, liquidated damages for failure to make reports and tender contributions in accordance with the terms of the Agreements; interest; reasonable attorney fees; and those costs incurred where defendant has failed to fully comply with the Agreements.

11. Plaintiffs have fully performed all necessary obligations and duties under said Agreements.

12. Defendant Janssen Contracting, Inc. has breached the Agreement in the following respects:

      a.     By failing to submit in a timely manner the reports of all hours worked by covered employees from June 2011 through the present.

      b.     By failing and refusing to pay in a timely manner complete fringe benefit contributions owing to the Alaska Bricklayers Retirement Trust Fund commencing on or before June 2011, and continuing through the present, in an amount to be proven at trial.

      c.     By failing to pay interest owing to the Alaska Bricklayers Trust Funds at the contract rate of 12% per annum from the date the contributions were due until judgment, and attorney fees as prescribed by the Agreements; and

      d.     By failing to pay liquidated damages owing to the Alaska Bricklayers Trust Funds at the contract rate of 4% of the delinquent payments, in an amount to be proven at trial.

IV.

SECOND CAUSE OF ACTION

13.     For its Second Cause of Action, plaintiffs incorporate by reference each of the allegations set forth in paragraphs 1 through 12 of this Complaint.

14.     Janssen Contracting, Inc. bound itself in the sum of $10,000.00, Bond No. 52BSBFY0848 to assure payment of claims made by all persons supplying labor and materials in the prosecution of the work performed by Janssen Contracting, Inc. The bond was filed with the State of Alaska, as required by AS 08.18.071 for employers doing business in the State of Alaska. The surety bond's effective date was January 20, 2011.

15. By reason of the failure of defendant Janssen Contracting, Inc. to pay plaintiffs the amount owed for delinquent trust fund contributions, plaintiffs have a claim against defendant Hartford Fire Insurance Company in the sum of $10,000.00, Bond No. 52BSBFY0848 with Janssen Contracting, Inc. pursuant to AS 08.18.071 and AS 08.18.081.

IV.

PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against the defendants as follows:

1. That this Court order Defendant Janssen Contracting, Inc., to submit to an audit of its payroll records, with Janssen Contracting, Inc., to bear the costs of the audit;

2. That this Court enter a judgment against Defendants, awarding Plaintiffs delinquent contributions owing as proven at trial plus interest at the applicable contract rates, the cost of an audit of the employer's records, liquidated damages, and attorney fees and costs in accordance with the terms of the Agreements; and,

3. That this Court enter a judgment against defendant Janssen Contracting, Inc., awarding Plaintiff Bricklayers and Allied Craftsmen Local 1 working dues or assessments in accordance with the Agreements;

4. For post-judgment interest at the maximum lawful rate, and

5. For such other and further relief as the Court deems just and equitable.

DATED this 26th day of January, 2012.

          JERMAIN, DUNNAGAN & OWENS, P.C.
          Attorneys for Plaintiffs

          By: s/Sarah E. Josephson
            Sarah E. Josephson
            Jermain, Dunnagan & Owens
            3000 A Street, Suite 300
            Anchorage, AK  99503
            (907) 563-8844
            (907) 563-7322
            sjosephson@jdolaw.com
            ABA No. 9705017